KIRSTIN E. MULLER (SBN 186373)
kmuller@hkemploymentlaw.com
ALIA L. CHAIB (SBN 311227)
achaib@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Attorneys for Defendant
MARRIOTT INTERNATIONAL, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REINA ISABEL BARAHONA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware corporation; FRANCISCA GARCIA, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br>[LASC Case No. 21STCV38797]<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§1332, 1441 (a)(b), AND 1446**<br><br>[Filed Concurrently with Declarations of Andrew P.C. Wright and Alia L. Chaib in Support Thereof; Notice of Interested Parties]<br><br>Complaint Filed: October 21, 2021 |

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Sections 1441 and 1446, Defendant MARRIOTT INTERNATIONAL, INC. ("Defendant" or "Marriott") hereby removes the above-titled action (the "Action") filed by Plaintiff Reina Isabel Barahona ("Plaintiff" or "Barahona") in the Superior Court of the State of California for the County of Los Angeles (the "State Court") to the United States District Court for the Central District of California.

**GROUNDS FOR REMOVAL ON THE BASIS OF DIVERSITY**

## I. REMOVAL JURISDICTION

This Court has original jurisdiction over this action under 28 U.S.C. section 1332 because this action involves citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

On or about October 21, 2021, Barahona filed a Complaint in the Superior Court of the State of California for Los Angeles County, entitled Reina Isabel Barahona v. MARRIOTT INTERNATIONAL, INC., a Delaware corporation; FRANCISCA GARCIA, an individual; and DOES 1 through 100, inclusive, Case No. 21STCV38797 (hereinafter, the "Complaint"). (Declaration of Alia L. Chaib ("Chaib Decl.") ¶ 2, Exhibit A.)

The Complaint purports to state causes of action against Marriott for various state law causes of action related to Barahona's alleged employment with Marriott and the termination of her employment therefrom.[1] The Complaint also names an individual defendant, Francisca Garcia. Marriott filed an Answer in State Court on November 23, 2021. (Chaib Decl. ¶ 3, Exhibit B.)

A Notice to the State Court of removal is concurrently being filed with the Superior Court of the State of California in and for the County of Los Angeles and is concurrently being served on Barahona, as required under 28 U.S.C. Section

---

[1] Barahona was employed by Marriott Hotel Services, Inc., an entity not named in this litigation.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

1446(d). (Chaib Decl. ¶ 4, Exhibit C.)

## II. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

Plaintiff shares complete diversity from Marriott. Moreover, as set out below, the citizenship of individual defendant Francisca Garcia[2] must be disregarded for purposes of determining diversity of citizenship because she is a sham defendant.

### A. Marriott is a Citizen of Delaware and Maryland

The citizenship of a corporation is determined by the place of its incorporation and its principal place of business. *Industry Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir. 1990). At the time of the commencement of this action, and at all times thereafter, Defendant Marriott was a corporation organized under the laws of the State of Delaware. [Declaration of Andrew P.C. Wright ("Wright Decl.") ¶2].

The United States Supreme Court adopted the "nerve center" test to determine a corporation's "principal place of business," which "normally will be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings." *Hertz v. Friend*, 559 U.S. 77, 92-93 (2010). At the time of the filing of the Complaint in this case and as of today, Marriott maintains its headquarters in Bethesda, Maryland. (Wright Decl. ¶ 3.) In addition, Marriott's high-level officers direct, control, and coordinate all business activities from the Bethesda, Maryland headquarters. (Wright Decl. ¶ 3.) Further, all executive operations are managed from Marriott's corporate headquarters. (*Id.*) Accordingly, at the time of the filing of the Complaint in this case and as of today, Marriott's "principal place of business" is in Maryland. Given that Marriott is incorporated and organized in

[2] It should be noted that only Marriott has been served in this case.



HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

Delaware and maintains its principal place of business in Maryland, it is a citizen of Delaware and Maryland, not California. (Wright Decl. ¶¶ 2, 3.)

**B. The Citizenship of Francisca Garcia Must Be Disregarded Because She Was Fraudulently Joined**

The citizenship of the individual defendant Francisca Garcia, who has not been served in this litigation, should be disregarded for purposes of determining jurisdiction under 28 U.S.C. Section 1332 and 28 U.S.C. Section 1441(b) on the ground that she is a "sham" defendant, fraudulently joined as a party to this action. A non-diverse party named in the state court action may be disregarded if the federal court determines that party's joinder is a "sham" or "fraudulent" so that no possible cause of action has been stated against that party. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The test for fraudulent joinder is whether there is any possibility that a plaintiff could prevail against the sham defendant on the face of the complaint. *Id.* at 1068.

Here, Barahona has alleged one cause of action for disability harassment against Ms. Garcia as a sham defendant in a futile attempt to defeat diversity. However, for the reasons set forth below, Barahona has not, and cannot, establish actionable conduct against Ms. Garcia and, thus, Ms. Garcia should be disregarded for the purpose of determining whether diversity jurisdiction exists.

**1. The Harassment Claim Fails Against Ms. Garcia**

In California's Fair Employment and Housing Act ("FEHA"), discrimination is discussed in section 12940(a); whereas harassment is discussed in section 12940(j)(1). The California Supreme Court has stated that the two terms "appear in separate provisions and define distinct wrongs." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 705 (2009). Moreover, the disparate language of the two sections has been determined to be a clear indication of the Legislature's intent to distinguish between the types of conduct covered by each section. *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 62 (1996). In order to distinguish discrimination from

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

harassment, California courts utilize the delegable authority test. *Id*. at 64. The California Supreme Court also stated, in *Roby*, that the delegable authority test is used to "distinguish conduct actionable as discrimination from conduct actionable as harassment." *Roby*, 47 Cal. 4th at 706 (*quoting Reno*, 18 Cal. 4th at 616). Using this approach, the court found "that the exercise of personnel management authority properly delegated by an employer to a supervisory employee might result in discrimination, but not in harassment." *Id.*

The California Supreme Court examined this distinction in *Reno*, stating that harassment "consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management." *Reno*, 18 Cal. 4th at 647. The Reno court also stated that "[h]arassment claims are based on a type of conduct that is avoidable and unnecessary to job performance;" thus, "[m]aking a personnel decision is conduct of a type fundamentally different from the types of conduct that constitutes harassment." *Id*. at 646. The California Supreme Court reiterated this distinction in *Roby*, stating that "harassment often does not involve any official exercise of delegated power on behalf of the employer;" rather, "harassment focused on situations in which the social environment of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." *Roby*, 47 Cal. 4th at 706. This line of reasoning has been followed by federal district courts in California. *See, e.g., Kacludis v. GTE Sprint Communications*, 806 F. Supp. 866 (N.D. Cal. 1992) (manager's privilege protected individual supervisor from all causes of action pled against him); *Siddoway v. Bank of America*, 748 F. Supp. 1456, 1460-1461 (N.D. Cal. 1990) (managerial immunity bars action relating to employment termination brought against managerial employee acting within course and scope of employment).

First and foremost, Barahona admits "**that at all relevant times herein, Defendants** and some of DOES 1 through 100 were the agents, employees, and/or





HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

servants, masters, or employers of the remaining DOES 1 through 100, and in doing the things herein alleged, **were acting within the course of such agency or employment**…" (Chaib Decl. ¶ 2, Exhibit A ¶ 8, emphasis added.) Barahona also contends that Ms. Garcia was employed as the "housekeeping supervisor" at Barahona's place of employment, although Barahona does not contend that Ms. Garcia was her supervisor. (*Id.* ¶ 13.) Barahona further alleges that the "conduct by defendants was done with the full knowledge and ratification of the management employees of Employers and was consistent with the recognized policies and procedures of Employers…" (*Id.* ¶ 71.)

Yet, even analyzing the specific allegations asserted against Ms. Garcia, it is clear that Barahona cannot state a claim for harassment. The Complaint includes very limited allegations against Ms. Garcia. Notably, Plaintiff alleges only the following:

- Ms. Garcia "asked Plaintiff to take on the duties of a room inspector." (*Id.* ¶ 13.) Barahona then claims that she took on the additional duties without a pay raise or without a promotion to the position of "room inspector." (*Id.*).
- Barahona claims she asked Ms. Garcia and "General Manager Jeff Hart" if she could change her work schedule to attend psychology appointments, but this request was refused. (*Id.* ¶ 18.)
- Barahona further claims that "Ms. Garcia began to harass Plaintiff by accusing her of unprofessional conduct and issued a coaching and counseling form in August 2020." (*Id.* ¶ 17.)

That is it. These allegations amount to nothing more than routine employment-related actions conducted within the course and scope of Ms. Garcia's supervisory duties. At no point does Barahona allege any specific comments or improper conduct on the part of Ms. Garcia, let alone any conduct outside of the normal course and scope of employment or facts that would rise to the level of actionable

harassment in any way.

Accordingly, it is clear that Ms. Garcia was acting within the course and scope of her employment, and Plaintiff cannot succeed on a harassment claim against Ms. Garcia. Thus, Ms. Garcia's citizenship must be disregarded for purposes of removal based on diversity jurisdiction.

### C. <u>Citizenship of Doe Defendants is Disregarded</u>

Although Barahona has also named fictitious defendants "DOES 1-100," "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.

### D. <u>Plaintiff is a Citizen of California</u>

Finally, Barahona alleges that she "is and, at all times relevant to the matters alleged herein, has been over the age of 18 and a resident of Los Angeles County." (Chaib Decl. ¶ 2, Exhibit A ¶1.) Accordingly, Barahona is completely diverse from Marriott, which is not a California citizen, as well as from individual defendant Ms. Garcia, who must be deemed a sham defendant and as to whom citizenship should be disregarded for purposes of removal. Thus, there is complete diversity of citizenship under 28 U.S.C. Section 1332(a).

## III. <u>THE AMOUNT IN CONTROVERSY EXCEEDS $75,000</u>

### A. <u>Legal Standard</u>

Under 28 U.S.C. Section 1332(a), federal district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interest. Where it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the Court must determine whether it is "more likely than not" that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corporation*, 506 F.3d

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

696, 699-701 (9th Cir. 2007). The Court must consider any "sums [that] would entail a payment" by the defendant, including damages for lost wages, compensatory damages, punitive damages, and attorneys' fees. *Id.* at 701.

Specifically, and as noted above, Barahona's Complaint alleges thirteen claims (causes of action), including two common law causes of action (wrongful termination in violation of public policy and negligent hiring, supervision, and retention), eight claims under the California Fair Employment and Housing Act ("FEHA"), two alleged violations of the California Labor Code, and one alleged violation of the California Business and Professions Code for unfair competition. (See generally Chaib Decl. ¶ 2, Exhibit A.) The Complaint's Prayer for Relief further states that Barahona seeks consequential damages, general damages, damages for Labor Code violations, waiting time penalties, specific relief enforcing waiting time penalties, costs, attorney's fees, disgorgement of profits, and punitive and exemplary damages. (*Id.*, Prayer for Relief, pp. 18-19, ¶¶ 1-10.)

Barahona's allegations are sufficient to meet the minimum amount in controversy threshold. First and foremost, Barahona's Complaint specifically sets out the following specific damages she seeks in this litigation: (a) no less than $115,003.20 in consequential damages; (b) no less than $500,000 in general damages; (c) no less than $12,016.35 for rest period violations; and (d) no less than $4,423.20 in waiting time penalties. (Chaib Decl. ¶ 2, Exhibit A, Prayer for Relief ¶¶ 1-4.) Even without including amounts for the remaining damages sought, Barahona is already seeking *at least* $631,442.75 in specified damages.

Additionally, Barahona seeks attorneys' fees. "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Guglielmino, supra*, 506 F.3d at 700. The FEHA authorizes attorneys' fees if Barahona is successful on the underlying causes of action. The Ninth Circuit has affirmed removal where the District Court "conservative[ly]" estimated attorneys' fees to be

12.5% of the actual damages sought. *Id*. at 698. This does not account for recovery of attorneys' fees based on a percentage of emotional distress damages, which are often in the six-figure range. Even using the "conservative" figures applied by the Ninth Circuit in *Guglielmino*, based solely off of the amount sought for consequential damages, general damages, and *Labor Code* violations and penalties ($631,442.76), attorney's fees of 12.5% are $78,930.35 alone.

Finally, Barahona seeks punitive damages. (Chaib Decl. ¶ 2, Exhibit A at Prayer for Relief ¶ 9.) In *Guglielmino*, the court "conservative[ly]" estimated punitive damages at a ratio of 1:1 with the actual damages sought. *Id*. at 698-701. A ratio of Barahona's specified sought damages alone provides an estimate of punitive damages in the amount of at least $631,442.76. *Id.* at 700-01.

All told, even without including the full amount of damages Barahona is seeking, she is seeking at least $1,341,815.87 against Marriott - a figure well in excess of the jurisdictional minimum to satisfy diversity jurisdiction. Accordingly, the jurisdictional "amount in controversy" requirement has been met for purposes of the diversity statute.

## IV. <u>THE NOTICE OF REMOVAL IS TIMELY</u>

Removal of a complaint from state court to federal court must be effected within thirty (30) days from the first date from which it can be ascertained that that federal subject matter jurisdiction exists. *See, e.g*., 28 U.S.C. 1446(b). The statute provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. 1446(b) (emphasis added).





HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

In this case, the Complaint was served on Marriott on October 25, 2021. As a result, Marriott filed this Notice of Removal less than thirty (30) days of service of the Complaint. Thus, removal is timely pursuant to 28 U.S.C. Section 1446(b).

## V. CONCLUSION

For all of the foregoing reasons, removal of this case to federal court is proper. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Sections 1332(a) and 1441.

Dated: November 24, 2021

HIRSCHFELD KRAEMER LLP

By: */s/ Alia L. Chaib*
Kirstin E. Muller
Alia L. Chaib
Attorneys for Defendant
MARRIOTT INTERNATIONAL, INC.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 233 Wilshire Boulevard, Suite 600, Santa Monica, California 90401. On November 24, 2021, I served the following document(s) by the method indicated below:

**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§1332, 1441 (a)(b), AND 1446**

☐ by transmitting **via facsimile** on this date from fax number (310) 255-0986 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☐ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at Santa Monica, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date on postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On November 24, 2021, I caused to be served via messenger the above-listed documents.

☐ by personally **delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by transmitting via **email** on this date the document(s) listed above to the email address(es) set forth below.

☐ by submitting an **electronic** version of the document(s) listed above to the court's approved electronic service vendor.

☒ Due to the National Emergency and public health orders in California related to the coronavirus and COVID-19 pandemic, Hirschfeld Kraemer LLP attorneys and staff are working remotely and therefore have limited capabilities to send physical mail in the normal course of business. On this date, I personally transmitted the foregoing document(s) using electronic mail to the e-mail address(es) of the person(s) on the attached service list.

/ / /

/ / /

Kevin A. Lipeles, Esq.
Thomas H. Schelly, Esq.
Ms. Diana Casarrubias
Lipeles Law Group, APC
880 Apollo St., Suite 336
El Segundo, CA 90245

T: (310) 322-2211
F: (310) 322-2252
E: kevin@kallaw.com
thomas@kallaw.com
diana@kallaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on November 24, 2021, at Santa Monica, California.

Robbin DeRuise

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SANTA MONICA