O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| REINA ISABEL BARAHONA,<br><br>              Plaintiff,<br><br>     v.<br><br>MARRIOTT INTERNATIONAL, INC., et al.,<br><br>              Defendants. | Case № 2:21-cv-09210-ODW (MRWx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [9] AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS [15]** |

## I.   INTRODUCTION

On October 21, 2021, Plaintiff Reina Isabel Barahona initiated this action in the Superior Court of California, County of Los Angeles against Defendants Marriott International Inc. and Francisca Garcia. (Decl. Alia L. Chaib ("Chaib Decl.") Ex. A ("Complaint" or "Compl."), ECF No. 1-2.)  On November 24, 2021, Marriott removed the case to this Court based on alleged diversity jurisdiction. (Notice of Removal ("NOR"), ECF No. 1.)  Barahona now moves to remand. (Mot. Remand ("Motion" or "Mot."), ECF No. 9.)  For the reasons below, the Court lacks subject matter jurisdiction and accordingly **REMANDS** the case.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL AND PROCEDURAL BACKGROUND

As alleged in the Complaint, from 1999 until April 20, 2021, Marriott employed Barahona as a housekeeper at its Los Angeles location. (Compl. ¶ 12.) Barahona began psychological treatment in 2020 due to work-related stress arising from her being asked to perform the duties of a room inspector without receiving a corresponding increase in pay. (*Id.* ¶ 14.) When Marriott learned Barahona was seeing a psychologist, it decided it did not want a disabled employee and sought an excuse to terminate her employment. (*Id.* ¶ 17.) To this end, Garcia accused Barahona of unprofessional conduct, including by issuing a "coaching and counseling form" in August 2020. (*Id.*) Later on, in early April 2021, a Marriott supervisor falsely accused Barahona of pushing a co-worker into an elevator. (*Id.* ¶ 20.) On April 20, 2021, Marriott terminated Barahona's employment. (*Id.*)

On October 21, 2021, Barahona filed a Complaint in the Los Angeles Superior Court, and asserted the following causes of action: (1) failure to pay for rest periods (Cal. Lab. Code § 226.7); (2) waiting time penalties (Cal. Lab. Code §§ 201–203); (3) wrongful termination (Cal. Lab. Code § 2750); (4) retaliation (Cal. Lab. Code § 12940(h); (5) age discrimination (Cal. Gov't Code § 12940(a)); (6) disability discrimination (Cal. Gov't Code § 12940(a)); (7) failure to prevent discrimination (Cal. Gov't Code § 12940(k)); (8) harassment due to disability (Cal. Gov't Code § 12940(j)); (9) hostile work environment (Cal. Gov't. Code § 12940(j)); (10) failure to accommodate physical disability (Cal. Gov't. Code § 12940(m)); (11) failure to engage in good faith interactive process (Cal. Gov't. Code § 12940(n)); (12) negligent hiring, supervision, and retention; and (13) unfair competition (Cal. Bus. & Prof. § 17200). Plaintiff asserts all thirteen of these causes of action against Marriott; the only cause of action Plaintiff asserts against Garcia is the eighth.

On November 23, 2021, Marriott filed an Answer in state court. (Chaib Decl. Ex. B.) On November 24, 2021, Marriott removed this action to federal court based

on diversity jurisdiction, contending that the Court should disregard Garcia's California citizenship. (NOR 3.)

On December 21, 2021, Barahona moved to remand. For the following reasons, Marriott fails to show that Barahona would be unable to amend her complaint to cure any deficiencies in her allegations against Garcia, and accordingly, the Court cannot ignore Garcia's California citizenship. Thus, Garcia's presence in this action defeats the Court's diversity jurisdiction.

### III.  LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit is filed in state court, the suit may be removed to federal court only if federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

Courts strictly construe the removal statute against removal and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This "strong presumption" against removal demands that a court resolve all ambiguities in favor of remand to state court. *Id.* (quoting *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case removed from state court], the case shall be remanded." 28 U.S.C. § 1447(c).

### IV.  DISCUSSION

Marriott first contends that the Court should not allow Barahona's Motion to

proceed because she did not comply with the meet and confer procedures set forth in Local Rule 7-3. (Opp'n 2–3, ECF No. 12.) Second, Marriott argues that the Court should disregard the California citizenship of Garcia because she is fraudulently joined. (NOR 4; *Id.* 4–8.) Third, Marriott argues Barahona's allegations cannot be cured by amendment because any amendments to her complaint would necessarily fall outside the scope of the administrative charge she previously filed with the California Department of Fair Employment and Housing ("DFEH"), thus requiring dismissal for failure to exhaust administrative remedies. (Opp'n 8–10.)

The Court addresses each of these three contentions in turn.

### A. Local Rule 7-3

Central District Local Rule 7-3 provides that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion." Local Rule 7-4 further provides that "[t]he Court may decline to consider a motion unless it meets the requirements of L.R. 7-3."

Marriott and Barahona both agree that on December 16, 2021, a pre-filing conference took place, and on December 20, 2021, Marriott confirmed it did not agree to remand the case to state court. (Mot. 2; Opp'n 3, Decl. Alia L. Chaib ("Chaib Decl. 2") ¶¶ 2, 3, ECF No. 12-1.) Barahona filed this Motion on December 21, 2021. Both parties appear to have participated in these discussions in good faith prior to filing, and the Court will not disregard Barahona's Motion merely because the meet-and-confer efforts were technically two days late. Barahona substantially complied with the requirements of Local Rule 7-3, and Marriott shows no prejudice. Thus, the Court considers Barahona's Motion to Remand on its merits.

### B. Fraudulent Joinder

In evaluating whether complete diversity exists, district courts may disregard the citizenship of a fraudulently joined non-diverse defendant. *Grancare, LLC v.*

*Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). The Ninth Circuit has described two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). "Fraudulent joinder is established the second way if a defendant shows that an 'individual[] joined in the action cannot be liable on any theory.'" *Id*. (alteration in original) (quoting *Ritchey & Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). A defendant is not fraudulently joined, however, where "a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550; *see also Sessions v. Chrysler Corp.*, 517 F.2d 759, 760-61 (9th Cir. 1975) (explaining that the label of a claim is irrelevant "so long as [plaintiff] was entitled to relief against [non-diverse defendants] on any theory").

To meet the heavy burden of proving fraudulent joinder, a defendant must establish that the plaintiff cannot state a claim against the non-diverse defendant on any theory, in the current or amended complaint. *See Grancare*, 889 F.3d at 548, 550; *Revay v. Home Depot U.S.A., Inc.*, No. 2:14-CV-03391-RSWL (ASx), 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) ("If there is 'any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint,' or in a future amended complaint, 'the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary.'" (quoting *Hunter*, 582 F.3d at 1044)).

Here, by way of her eighth claim, Barahona alleges Garcia violated California's Fair Employment and Housing Act ("FEHA"), Government Code section 12940(j), by harassing her based on her disability. (Compl. ¶ 67–75.) Marriott maintains that Garcia is a sham defendant whose citizenship must be disregarded for removal because Barahona's harassment allegations against Garcia are conclusory and cannot

be cured by amendment. (Opp'n 3–8.)

Marriott fails in its heavy burden to establish that Barahona could not possibly amend her pleadings to state a cause of action against Garcia. *See Hunter*, 582 F.3d at 1044. California Government Code section 12940(j)(3) provides that "an employee . . . is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the of the conduct and fails to take immediate and appropriate corrective action." A supervisor may be held personally liable for harassment under this provision. *Chavez v. Schlumberger Tech. Corp.*, Case No. CV-21-4817-MWF (MARx), 2021 WL 3403741, at *9 (C.D. Cal. Aug. 4, 2021). Here, Barahona's theory is that Garcia issued the coaching and counseling form not in good faith but as an attempt to create a pretext for Marriott's true agenda, which was to terminate Barahona's employment because of her disability. This is a facially valid theory of employment harassment that goes beyond mere personnel management by asserting that Garcia took intentional, targeted action against Barahona because of her disability. *See Roby v. McKesson Corp.*, 47 Cal. 4th 686, 706 (2009). Marriott fails to show that no way exists for Barahona to set forth allegations to support this theory. *See 818Computer, Inc. v. Sentinel Ins. Co., Ltd.*, No. CV 19-0009-MWF (PLAx), 2019 WL 698102, at *4 (C.D. Cal. Feb. 19, 2019) (collecting cases and noting the tendency of courts to "reject[] fraudulent joinder arguments even though claims for individual liability appeared weak"). Consequently, Garcia is not fraudulently joined, and the Court must consider her citizenship for purposes of diversity jurisdiction.

### C.     Failure to Exhaust Administrative Remedies

Marriott's final contention is that remand is nevertheless appropriate because any attempt on Barahona's part to amend her allegations against Garcia would necessarily fall outside the scope of the DFEH complaint and would therefore be dismissed for failure to exhaust administrative remedies. (Opp'n 10.) "However, a plaintiff may bring a civil action based on conduct not specifically included in a

DFEH complaint if it is 'like or reasonably related' to the allegations in the administrative complaint, or 'can reasonably be expected to grow out of an administrative investigation.'" *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 902 (E.D. Cal. 2017) (quoting *Leiaind v. City & County of San Francisco*, 576 F. Supp. 2d 1079, 1091 (N.D. Cal. Sept. 2, 2008)).

Marriott does not dispute that Barahona's complaint and the body of Barahona's DFEH charge include the same claim for harassment against Garcia—that, due to Barahona's disability, Garcia began to harass Barahona by accusing her of unprofessional conduct and issued a coaching and counseling form in August 2020. (Compl. ¶ 17; Opp'n 7.) Any additional and specific examples of Garcia's harassment would be reasonably and directly related to the allegations in her DFEH complaint. Thus, Barahona's amendments would not necessarily be subject to dismissal for failure to exhaust administrative remedies. Therefore, Marriott may not avoid remand on this basis.[2]

## V. DEFENDANTS' MOTION TO DISMISS

On January 21, 2022, Defendants filed a Motion to Dismiss, seeking dismissal of Garcia pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. Dismiss, ECF No. 15.) Notably, other than a single conclusory request for dismissal without leave to amend at the end of the Introduction section, Defendants' Motion to Dismiss is devoid of substantive arguments as to why the Court should not grant Barahona leave to amend her allegations against Garcia.

Defendants' Motion to Dismiss does not change the result of this Motion to Remand. As discussed above, the relevant standard for fraudulent joinder is whether

---

[2] As part of its Opposition to Barahona's Motion, Marriott requests judicial notice of Barahona's October 21, 2021 DFEH charge. (Opp'n 9; Req. Judicial Notice, Ex. A, ECF No. 12–2); *See* Fed. R. Evid. 201. As noted, Marriott does not dispute that Barahona's Complaint and the body of Barahona's DFEH charge include the same claim for harassment against Garcia. This undisputed observation provides the Court with sufficient grounds to determine, as it does herein, that amended allegations against Garcia could fall within the scope of the DFEH charge and thereby avoid dismissal for failure to exhaust administrative remedies. Therefore, the Court has no need to refer to the DFEH charge and **DENIES** Marriott's Request for Judicial Notice.

the plaintiff could possibly state an amended claim against the at-issue defendant. *See Hunter*, 582 F.3d at 1044. Defendants' Motion to Dismiss, if granted, would do no more than demonstrate that Barahona's claim against Garcia *as currently pleaded* is insufficient. But that is not the end of the remand inquiry. As discussed herein, Marriott fails in its heavy burden of showing that no future amendment could cure the deficiency. Accordingly, the Court **DENIES AS MOOT** Defendants' Motion to Dismiss. (ECF No. 15.)

## VI.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Barahona's Motion to Remand, (ECF No. 9), and **REMANDS** the action to the Superior Court of the State of California, County of Los Angeles, Stanley Most Courthouse, 111 North Hill Street, Los Angeles, CA 90012, Case No. 21STCV38797. The Court **DENIES AS MOOT** Defendants' Motion to Dismiss. (ECF No. 15.) The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

February 7, 2022

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**